ESSEX COUNTY CIRCUIT COURT.

In the matter of the appeals from the assessments levied by the VILLAGE OF SOUTH ORANGE for the improvement of Scotland road.

**Taxes and Assessments—Assessment for Benefits—Street Improvements—Powers of Court and of Board Are Statutory—Assessment Cannot be in Excess of Benefit—Legality of Assessment to be Tested by Certiorari—Court Sitting as Jury to Determine Fairness of Assessment.**

MOUNTAIN, J.

This matter comes up on forty-eight appeals filed by landowners to assessments for curbing and paving. The lands are situated on Scotland road, in the village of South Orange. Scotland road was repaved with asphalt block on a concrete base, and the old curb was reset and new curb added where necessary. The assessments for this improvement form the basis of the appeals.

Scotland road is a residential street. The homes which border it, some of them over two hundred feet from the street, are expensive and handsome. The neighborhood is established. Prior to the improvement in question the crown of the roadway was very high, and the driving space restricted. The surface was uneven, worn and pitted. Much of the curbing had deteriorated and was out of grade and alignment.

The powers of this court and the board of assessments are statutory. When called upon, the latter are directed to levy and assessment as nearly as may be in proportion to the peculiar benefit, advantage or increase in value which the respective lots and parcels of land and real estate receive by reason of the improvement. In no case are they permitted to make any assessment on any parcel of land which exceeds in amount such peculiar benefit, advantage

or increase in value. *P. L. 1917 p. 380.* On an appeal from such an assessment the circuit court is directed to determine whether their action has resulted in a just and fair assessment or award. *P. L. 1922 p. 205.*

This limitation makes it improper for the court to inquire into the legality of the assessment. For the purposes of this appeal, it is assumed that the board of trustees and the board of assessments observed the statutory requirements. Their failure to do so may be tested by *certiorari.* The report of the board of assessments is entitled to great weight and should be accepted as accurate unless controverted by clear and convincing proof to the contrary. *Coward* v. *North Plainfield, 63 N. J. Law 61; Jelliff v. Newark, 48 N. J. Law 101; Hegeman v. Passaic, 51 N. J. Law 109; Kirtland* v. *Parker, 76 N. J. Law 217; State, Hunt, pros.,* v. *Rahway, 39 N. J. Law 646; State, Pudney, pros.,* v. *Passaic, 37 N. J. Law 65.* The Home Rule act has this to say about it:

"All assessments for local improvements shall be presumed to have been regularly assessed and confirmed, and every assessment or proceeding preliminary thereto shall be presumed to have been regularly made or conducted until the contrary be shown." *P. L. 1917 p. 383 § 30.* The inquiry in these appeals is whether the presumption has been overcome.

It is urged by the appellants that each lot in pursuance of the statute should have been considered by itself, and that recourse to an area extending one hundred and fifty feet on each side of the street for its entire length, with calculations computed on a square yard basis was improper. Without approving the latter course in this case, the former method is not exclusive. It depends on the nature of the property and the manner in which the board of assessments has exercised its judgment. Benefit is the increment of value to the lands affected by the improvement. While it may be fairly said to be the difference between the market value of the lands before the improvement and the market value of

the lands immediately after the improvement, the determination of this differential, if it may be so termed, is a matter of opinion. As Judge Adams said, in the Branford place appeals: "It must be remembered that commissioners, in a case like this, deal not with exact figures, but with estimates depending upon the exercise of judgment. It is not usual for the commissioners to be real estate experts. They are expected to act on their own opinion as citizens of experience and intelligence with the aid of such information as they are able to gather."

It is urged that maintenance cost of the road and certain engineering fees are included in the total cost of construction, and it is contended that it is improper to assess the property owners for the aggregate amount of those sums. The former is manifestly improper, the latter is not. That, however, does not concern the court on this appeal where a proper inquiry does not commence with the total contract and the suggestive ordinance as to the proportion the property owners shall pay, but is focused directly on what benefits have accrued to the lands contiguous to Scotland road, shown on the assessment maps. The range of the assessments limits the scope of the appeals. Under the statute the court is sitting as a jury to determine whether the assessments levied upon the lands designated on those maps and against the persons named on the schedules are just and fair. The court is excluding from its consideration all other questions. In other words, this is not a review of what lands were benefited by the improvement, but is a review of the fairness and justness of the assessments placed upon the lands outlined on the assessors' maps.

The assessor, though they considered the size, depth and adaptability of each lot, decided that land lying outside of paralleled lines drawn about one hundred and fifty feet from Scotland road on each side was not benefited by the improvement, and refrained from assessing it, irrespective of how the lines bisected the tracts. The size and situation of the various tracts indicate that the improvement benefited them

in their entireties. If part of a tract was benefited, so was the whole. Therefore, the assessors imposed an additional burden on the lands within the one hundred and fifty feet area, and the presumption of the accuracy of their reports is overcome. What then should have been a proper assessment for the tracts in the circumscribed area?

The court has had a view of Scotland road since the conclusion of the trial. The neighborhood from Comstock place in a northerly direction to the Orange line is established and similar in nature. Considering the size, shape, uniform depth of one hundred and fifty feet, location and general conditions and similarity of the lots, there is no objection to assessing them on a front-foot basis. That basis which the court finds in proportion to the peculiar benefit, advantage and increase in value which the respective lots have received, is placed at $3.50 a front foot for the paving, except for lots 48-51, 52-53, 54-63, belonging to Maude M. Leach. The paving and curbing assessments on these lots are approved. The paving assessment on the property of Max E. Butler, lots 209-211, is fixed at $3 a front foot. All curb assessments are approved.